OPINION OF THE COURT
Helen E. Freedman, J.
This is an action brought by Marilyn Classen, widow of professional middleweight boxer Willie Classen, for the latter’s death following a boxing match at the Felt Forum on November 23, 1979. Defendants Madison Square Garden Center, Inc., Madison Square Garden Boxing, Inc. (Madison Square Garden), Izquierdo and Warner (both ringside physicians) seek summary judgment dismissing all claims and cross claims against them on the ground that a professional athlete assumes the risk of all foreseeable injuries resulting from the athletic activity.
Previously, the plaintiff brought an action for the same relief against the New York State Athletic Commission (Commission); its employee, Dr. Campbell, the physician who examined decedent prior to the fight; Eskin, the referee; and the ringside physicians, Izquierdo and Warner, in the New York State Court of Claims. That court (Blinder, J.) dismissed plaintiff’s action against the Commission on the ground that neither defendant Campbell nor the Commission were negligent. (Classen v State of New York, 131 Misc 2d 346 [Ct Cl 1985].) The Court of Claims denied that it had jurisdiction over defendants Izquierdo, Warner and Eskin finding that they were independent contractors, and not employees of the Commission. This court dismissed the claim against defendant Campbell in this action finding that the Court of Claims decision was res judicata as to him.
During the course of the bout, decedent received a number of blows to the head. Following the ninth round, defendant Izquierdo examined Classen and determined that he was able to continue the fight and Eskin then permitted the tenth round to begin. Seconds later, Classen was struck by his opponent and lost consciousness. Although defendants Izquierdo and Warner rendered emergency medical care to the decedent, he died five days later as a result of a subdural hematoma.
Madison Square Garden Boxing, Inc. arranged the match by preparing the contract for the fight and obtaining approval *491 from the Commission. Madison Square Garden Center, Inc. prepared the Felt Forum for the November 23, 1979 boxing program by placing oxygen tanks and a stretcher in the area of the ring, pursuant to Commission regulations.
Plaintiff claims that her husband’s death was caused by the negligence cf the remaining individual defendants in allowing the match to proceed into the tenth round, and by the negligence of Madison Square Garden in providing faulty emergency equipment. The latter claim is based on plaintiffs pretrial testimony that she overheard one of the ringside physicians state that the oxygen tank was not working and the fact that there was no on-site ambulance present at the bout. However, there was no Commission regulation in 1979 requiring an on-site ambulance and plaintiffs hearsay testimony is directly contradicted by Dr. Izquierdo’s testimony that the oxygen tank was in good working order prior to the fight.
All three moving defendants contend that they are entitled to summary judgment because Classen willingly participated in the event and in so doing, assumed all risks inherent in the sport including negligence on the part of the defendants. Referee Eskin is not represented by counsel at this time and therefore has not joined in the motion. The movants rely heavily on the case of Turcotte v Fell (68 NY2d 432 [1986]) which articulated this doctrine in relation to an athletic field and a coparticipant.
In Turcotte v Fell (supra) the Court of Appeals granted summary judgment to a race track proprietor and coparticipant on the ground that a professional athlete who elects to engage in a sport assumes all risks which are inherent in that sport and thus any injuries that are reasonably foreseeable as a consequence of participation. The exception to this rule includes those injuries caused by intentional or reckless acts. Whether a risk is inherent in a particular sport depends on various factors including the nature of the sport and the foreseeability of the danger based on the athlete’s prior experience.
Plaintiff claims that Madison Square Garden cannot be absolved from its own negligence in providing faulty emergency equipment and that it is, in any case, vicariously liable for the negligence of the ringside physicians and the referee. As to the ringside physicians, plaintiff asserts that the doctrine in Turcotte (supra) was not meant to apply to physicians who have independently contracted to render medical services to sports participants.
*492 The plaintiff in Turcotte (supra) was a professional jockey who sued another jockey and the New York State Racing Association (NYRA), race track owner, for injuries sustained during a horse race. He claimed that his injuries were caused by a foul committed by another jockey in violation of NYRA regulations and by the faulty condition of NYRA’s track. Plaintiff charged that NYRA was negligent in failing to water the "chute” leading to the main track and in overwatering the main track, thus creating an unsafe "cuppy” condition on the main track, in which the muddy surface tends to stick to the horse’s hoof. (Supra, at 443.) The court found that the risks of horse racing include negligent or faulty track conditions, where the plaintiff was an experienced jockey, had participated in several races on this same track, and was aware that "cuppy” conditions existed on various race tracks.
The court also denied plaintiff recovery against his coparticipant even though that defendant may have violated NYRA rules, stating that professional athletes understand the risks and injuries resulting from carelessness in competitive sports. (Supra, at 442, 443.)
The rule enunciated in Turcotte (supra) applies to the claims in the current action against Madison Square Garden as proprietor of the facility where the sporting event took place. Willie Classen, as a professional boxer, had participated in approximately 20 professional bouts between 1977 and 1979 at many facilities including the Felt Forum. As such, he knew or should have known of the risks of injury inherent in the sport of professional boxing. The risk to a seasoned professional boxer of improperly maintained or faulty emergency equipment is substantially equivalent to the risk of a "cuppy” track to an experienced jockey. Both are reasonably foreseeable under the circumstances and, thus, Madison Square Garden’s only duty was to avoid reckless or intentional acts. By complying with State regulations, it clearly did so.
Moreover, plaintiff has failed to set forth evidence of negligence to create a triable issue of fact. Madison Square Garden complied with the 1979 Commission regulations requiring provision of an oxygen tank and a stretcher in the arena. Plaintiff’s pretrial statement would not be admissible and is insufficient to create an issue of fact. Once a party seeking summary judgment sets forth evidence sufficient to demonstrate that it has exercised due care in the performance of its duties, the burden shifts to the opposing party to demonstrate *493 that an issue of fact exists with respect to that defendant’s exercise of due care. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395.)
Plaintiff’s vicarious liability claim against Madison Square Garden must also fail. Since an independent contractor performs duties free from the direction or control of its principal, the former’s negligence is not imputed to the party requesting performance. (Halpin v Prudential Ins. Co., 48 NY2d 906 [1979]; Broderick v Caldwell-Wingate Co., 301 NY 182 [1950].)
In the case at bar, defendants Eskin, Warner and Izquierdo were chosen to attend and officiate at the subject fight by the New York State Athletic Commission. Madison Square Garden neither participated in the selection of the codefendants nor provided them with training, instruction or supervision. Given these facts as well as the determination by the Court of Claims, that the referee and ringside physicians were independent contractors, this court finds that Madison Square Garden is not responsible for any negligent acts committed by those defendants. Since Madison Square Garden is not vicariously negligent for the act of codefendants, the cross claims by codefendants Eskin, Izquierdo and Warner are also dismissed.
Finally, the duty of care owed decedent by the independent ringside physicians does not appear to this court to fall within the ambit of Turcotte (supra). Once the physicians rendered medical care to the decedent, they had a duty to provide it in a nonnegligent manner. (Rosensweig v State of New York, 208 Misc 1065 [Ct Cl 1955], revd on other grounds 5 AD2d 293 [3d Dept 1958], affd 5 NY2d 404 [1959].) While Turcotte (supra) excuses both proprietors of sporting event facilities and coparticipants in dangerous sports from negligent conduct under certain conditions, it does not hold that a professional athlete consents to and assumes the risk of injury from negligent medical care rendered by physicians who have independently contracted to provide medical services to sports participants. A physician’s duty in that situation is the same as it is in any other situation — to practice in accordance with good and accepted standards of medical care. Since the question of negligence has been appropriately raised in claims against defendant Doctors Izquierdo and Warner, summary judgment as to those two defendants is denied.
Accordingly, for all of the foregoing reasons, the motion by *494 Madison Square Garden Center, Inc. and Madison Square Garden Boxing, Inc. for summary judgment dismissing the complaint and all cross claims against them is granted. The motions by defendant Doctors Izquierdo and Warner for summary judgment are denied.