■ In the Matter of the Claim of LUCILLE MATIAS, Appellant, v DONMOOR, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed August 7, 1986, which ruled that claimant was barred from receiving death benefits by Workers' Compensation Law § 10.

On the morning of March 19, 1980, shortly after reporting to his place of employment, Raymond Matias (hereinafter decedent) approached a co-worker, Adnan Alkirwe, who had been elected to the position of shop steward the day before.

The conversation between the two men quickly escalated into a heated exchange and they agreed to "take it outside". As the two were heading toward a door leading outside, decedent, who was behind Alkirwe, drew a knife and cut Alkirwe on the shoulder and arm. According to the testimony of Alkirwe and Charles L. Felds, another co-worker who witnessed the incident, decedent continued trying to stab and slash Alkirwe while Alkirwe moved back and tried to shield himself from the blows. As decedent continued his advances, Alkirwe was able to reach a piece of lumber which he swung at decedent, striking a fatal blow to the head.

Alkirwe testified that he required more than 40 stitches after the incident. In addition, there was testimony that when the matter came before a Nassau County Grand Jury, it declined to return an indictment against Alkirwe.

Decedent's widow, claimant herein, filed a claim for death benefits. The claim was controverted by the employer and its carrier. The Workers' Compensation Board ultimately ruled that the claim was barred by Workers' Compensation Law § 10* which provided that: "there shall be no liability for compensation under this chapter when the injury has been solely occasioned * * * by wilful intention of the injured employee to bring about the injury or death of himself or another".

In the instant appeal claimant correctly contends that the employer and its carrier had the burden to rebut by substantial evidence the presumption of compensability (see, Workers' Compensation Law § 21 [3]) by proving that decedent had the willful intent to injure required to bar the claim under Workers' Compensation Law § 10. It is further argued that there was no evidence adduced which indicated that decedents' conduct was willful and premeditated. On the contrary, claimant contends that the evidence supports only a finding that decedent acted impulsively and thoughtlessly.

Claimant also stresses that Alkirwe's compensation claim was uncontroverted while claimant here has been denied death benefits. According to claimant, the only explanation for this inconsistency is the Board's reliance on the fact that decedent was the aggressor, in contravention of this court's rejection of the so-called "aggressor defense" in workers' compensation cases (see, Matter of Commissioner of Taxation

* Workers' Compensation Law § 10 was amended in 1985 (L 1985, ch 872) and the same substantive provisions are now included in subdivision (1) of that section.

*& Fin. v Bronx Hosp.,* 276 App Div 708; *see generally,* 1 Larson, Workmen's Compensation § 11.15 [c]).

In our view, the Board's determination that the claim was barred under Workers' Compensation Law § 10 was not based simply on the fact that decedent had initiated the altercation. Rather, the question addressed by the Board was whether decedent had acted impulsively or whether his assault on Alkirwe was willful and deliberate *(see,* 1 Larson, Workmen's Compensation § 11.15 [c], [d]).

Claimant's reliance upon *Matter of Commissioner of Taxation & Fin. v Bronx Hosp. (supra),* in which this court affirmed the Board's decision to compensate the widow of a worker who had suffered a fatal heart attack following a bout of fisticuffs with a co-worker, is misplaced. Although claimant likens decedent's conduct to "an impulsive blow", we note that the circumstances surrounding the incident, and in particular, decedent's state of mind, present factual issues which the Board clearly resolved against claimant's decedent.

Considering the evidence presented in this case, i.e., that decedent brought the weapon to work and then engaged in a totally unprovoked, vicious, sustained attack despite the efforts of others to intervene, we conclude that there was ample direct and circumstantial evidence from which the Board could find that he acted in a willful and deliberate manner. Moreover, since Alkirwe acted only in self-defense, it was not inconsistent for the Board to allow his compensation claim and deny claimant's.

Decision affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.