[667 NYS2d 71]

In the Matter of the Claim of the ESTATE OF JOHN P. GROSS, Deceased, Respondent, v THREE RIVERS INN, INC., et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.)

Third Department, December 24, 1997

APPEARANCES OF COUNSEL

*James P. O'Connor,* Liverpool *(Jean S. Kneiss* of counsel), for appellant.

*Susan S. Kost,* Syracuse, for estate of John P. Gross, respondent.

*Dennis C. Vacco, Attorney-General,* New York City *(Howard B. Friedland* and *Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

CREW III, J. P.

On May 1, 1989, John P. Gross (hereinafter decedent), a professional boxer, sustained serious head injuries during a boxing match held at Three Rivers Inn, Inc. in the Village of Phoenix, Oswego County, and, shortly thereafter, lapsed into a coma. Over the course of the next few months, decedent's condition continued to deteriorate and, ultimately, he died on January 28, 1990. In the interim, a claim for workers' compensation disability benefits was filed on decedent's behalf and, following decedent's death, his father filed a claim for death benefits. The carrier controverted both claims and, during the next several years, numerous hearings were held and decisions were rendered regarding the principal issues in this matter— namely, whether decedent was an employee of either Three Rivers Inn, Inc. or Three Rivers Boxing Promotions, Inc., the entity with which decedent had entered into a contract for the match, and, further, whether compensation for professional boxers such as decedent was barred by Workers' Compensation Law § 10.

Ultimately, by decision filed October 19, 1994, a Workers' Compensation Board panel concluded, *inter alia*, that a professional boxing match was not the type of intentional conduct to which the exclusion contained in Workers' Compensation Law § 10 applied and that decedent was an employee of either Three Rivers Inn, Inc. or Three Rivers Boxing Promotions, Inc. or both. In this regard, the Board panel restored the matter to the Trial Calendar for further testimony as to decedent's proper employer and carrier. Following additional hearings a Workers' Compensation Law Judge, by separate decisions filed February 13, 1995, established decedent's disability claim against Three Rivers Inn, Inc., awarded decedent's estate $3,880 in benefits and closed the case. The Workers' Compensation Law Judge also found decedent's parents to be dependent, awarded them $29,040 in death benefits and closed the case.

The carrier thereafter sought review and, by decision filed May 19, 1995, a Board panel determined, *inter alia*, that decedent was an employee of Three Rivers Inn, Inc. on the day of the boxing match and declined to disturb the prior Board panel's finding that Workers' Compensation Law § 10 was not a bar to compensation. Thereafter, by decision filed September 17, 1996, the Board panel amended its May 1995 decision by expanding upon its rationale for concluding that an employer-employee relationship indeed existed between decedent and Three Rivers Inn, Inc. The carrier now appeals from both the May 1995 and September 1996 decisions.

The carrier initially contends that the enactment of McKinney's Unconsolidated Laws of NY § 8928-a (L 1985, ch 337, § 1, as amended by L 1990, ch 351, § 1), which requires promoters to provide insurance coverage for licensed boxers and wrestlers, evidences an intent on the part of the Legislature to preclude compensation for such athletes under the Workers' Compensation Law. We find this argument to be unpersuasive. As a starting point, there certainly is nothing in the statutory language to suggest that McKinney's Unconsolidated Laws of NY § 8928-a was intended to supplant or exclude workers' compensation benefits.[1] Nor does a review of the legislative history that is included in the record relative to McKinney's Unconsolidated Laws of NY § 8928-a lend support to the carrier's argument that this provision was intended to be a substitute for workers' compensation benefits; if anything, the proffered documents suggest that the primary focus of the legislation was to provide medical insurance coverage for the affected participants. Thus, absent some clear signal that the Legislature intended McKinney's Unconsolidated Laws of NY § 8928-a to replace or constitute a bar to workers' compensation benefits, we decline to interpret the statute in such a fashion.

---

1. This provision provides, in relevant part, as follows: "All persons, parties or corporations having licenses as promoters shall continuously provide insurance for the protection of licensed boxers and wrestlers, appearing in boxing bouts or wrestling exhibitions. Such insurance coverage shall provide for reimbursement to the licensed athlete for medical, surgical and hospital care, with a minimum limit of [$7,500] for injuries sustained while participating in any program operated under the control of such licensed promoter and for a payment of [$100,000] to the estate of any deceased athlete where such death is occasioned by injuries received during the course of a program in which such licensed athlete participated under the promotion or control of any licensed promoter" (McKinney's Uncons Laws of NY § 8928-a [1] [L 1985, ch 337, § 1, as amended by L 1990, ch 351, § 1]).

We do, however, find merit to the carrier's assertion that compensation for professional boxers is barred by Workers' Compensation Law § 10 (1), which provides, in relevant part, that "there shall be no liability for compensation under this chapter when the injury has been * * * [occasioned] by wilful intention of the injured employee to bring about the injury or death of himself or another". In concluding that the cited provision did not bar coverage for decedent, the Board panel reasoned that: "the manner in which the boxing match was conducted that led to [decedent's] injuries was contemplated by the participants as well as by the employer and was an integral part of [decedent's] employment and that [decedent's] conduct in striking his opponent with his fists during a professional boxing match was not the type of intentional conduct to which [Workers' Compensation Law § 10] applies." The Board pursues this argument on appeal, noting that the relevant exclusion imposed by Workers' Compensation Law § 10 (1) has traditionally been applied in situations where the underlying violent conduct was entirely unrelated to the employment (*see, e.g., Matter of Matias v Donmoor, Inc.*, 133 AD2d 998). As landing and receiving blows is part and parcel of a professional boxing match, the argument continues, it certainly cannot be said that such conduct is aberrant in the context of or unrelated to a boxer's chosen profession.

In our view, although the Board's argument on this point has a certain logic, it simply ignores the plain language of the statute. Workers' Compensation Law § 10 (1) clearly and unequivocally excludes compensation for any injury occasioned "by wilful intention of the injured employee to bring about the injury or death of himself or another". In this regard, it cannot seriously be argued that a professional boxer enters the ring without intending to harm his or her opponent or anticipating that he or she may sustain injury as well. Although the Board panel found, and we acknowledge, that boxing has a point-based scoring system, it also must be recognized that "the very objective of the contestants, well known in advance, is to 'knock out' the opponent and cause him to fall to the floor in such condition that he is unable to rise to his feet for a specified time" (*Rosensweig v State of New York*, 5 AD2d 293, 296, *affd* 5 NY2d 404). Thus, while decedent presumably did not enter the ring on the night in question with the intention of bringing about his own death, it would be absurd to suggest that he participated in that match without willfully intending to bring about the injury of his opponent. We are not unmindful, as

posited by the dissenters, that those engaging in professional sports, even highly dangerous ones, are entitled to workers' compensation benefits when they are injured in the course of such employment. Boxing alone, however, has as its ultimate goal the physical incapacitation of a participant. Accordingly, the plain language of Workers' Compensation Law § 10 (1) compels us to conclude that compensation for professional boxers is barred under that statutory provision.

In light of this conclusion, we need not consider whether decedent was an employee of either Three Rivers Inn, Inc. or Three Rivers Boxing Promotions, Inc. at the time of the boxing match in question. Were we to reach this issue, however, we would be required to remit this matter for further proceedings given the Board's concession in its brief that the Board panel failed to review the transcribed minutes of all of the hearings conducted in this matter (see, 12 NYCRR 300.13 [d]).[2] The carrier's remaining contentions have been examined and found to be lacking in merit.

YESAWICH JR., J. (dissenting). We respectfully dissent. In our view, the Workers' Compensation Board rightly found Workers' Compensation Law § 10 (1) inapplicable. To interpret that provision so broadly as to preclude compensation even where, as in this instance, an employee—assuming he was such—is injured as a result of the hazards inherent in a legally sanctioned professional sport undermines the goal of the Workers' Compensation Law, that of providing coverage to all workers within its purview who are injured while doing the very job they were hired and paid to do. The mere fact that boxing is dangerous is not enough to render the participants' injuries noncompensable; indeed, if the possibility that an employee could be injured or even die were the test on which an award of compensation turns, then persons engaged in a large range of high risk occupations, including blasters, mine workers and State Troopers, would not be protected by the Workers' Compensation Law.

As one noted commentator aptly observed, the public "wants professional sports" just as it wants other products that are only available if workers are willing to undertake the poten-

---

2. The cited regulation provides, in relevant part, that "[t]he board file shall contain a copy of all stenographic minutes of hearings where the issue or issues raised in the application for review were covered, and the file shall only be considered by a board panel after the minutes covering the disputed issues are inserted in the file" (12 NYCRR 300.13 [d]).

tially dangerous jobs necessary to produce them. As a consequence, it is now generally accepted that those engaging in professional sports are, in the absence of a specific exception (and there is none in New York for State-licensed professional boxing), entitled to workers' compensation benefits when they are injured in the course of such employment (*see*, 2 Larson, Workers' Compensation Law § 22.21 [b]; *cf.*, *Brinkman v Buffalo Bills Football Club*, 433 F Supp 699, 702). Denying compensation to an entire class of athletes who, by participating in a dangerous activity, provide a type of entertainment enjoyed by many, merely because of the nature of the sport, is not, we think, what the Legislature contemplated when enacting the provision at issue (*compare*, Workers' Compensation Law § 2 [4], [5]). Because we incline to the view that the intended purpose of Workers' Compensation Law § 10 is to bar claims involving wrongful and tortious acts (*cf.*, *Matter of Commissioner of Taxation & Fin. v Bronx Hosp.*, 276 App Div 708, 711), and not those that are essential to the performance of one's occupation, we would affirm the Board's decision and amended decision with respect to the applicability of Workers' Compensation Law § 10 (1) and, for the reasons stated by the majority in dictum, remit for further proceedings on the question of employer-employee relationship.

WHITE and CARPINELLO, JJ., concur with CREW III, J. P.; YESAWICH JR. and SPAIN, JJ., dissent in a separate opinion by YESAWICH JR., J.

Ordered that the decision and amended decision are reversed, without costs, and claims dismissed.