■ In the Matter of the Claim of JESSE J. BELL, Appellant, v UTICA CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 614] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 11, 2002, which ruled that claimant's injuries were the result of his willful intention to injure another and denied his claim for workers' compensation benefits.

Claimant, a technician, filed a claim for workers' compensation benefits alleging that, on June 15, 1999, he sustained injuries to his neck and left shoulder as the result of a work-related altercation with a supervisor, Bruce Benson. The pair

exchanged words over whether claimant would inspect a machinery part. Benson testified that after claimant approached him, he touched claimant on the arm and asked him "to go back to your work station or you're going to get fired." Benson asserted that claimant responded to his touch by pushing him backwards with both hands and Benson fell to the ground. On the other hand, claimant testified that Benson did not merely touch his arm. Instead, he indicated that Benson grabbed his left arm, forcing him backwards causing injury to his neck and shoulder. According to claimant, he pushed Benson away with his left hand causing Benson to lose his balance, however, Benson did not fall. Claimant was terminated as a result of this altercation.

The employer and its workers' compensation carrier controverted the claim, arguing, inter alia, that the injury was not compensable since it arose out of claimant's attempt to injure Benson and not within the scope of his employment. After a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found the claim compensable, however, the Workers' Compensation Board reversed, finding that claimant's injuries were "occasioned by the willful intention of the claimant by starting the altercation which eventually resulted in his injur[ies]." The claim was dismissed, prompting this appeal.

Initially, claimant argues that the Board's decision should be reversed because it was founded, in part, on hearsay information that was not part of the record before the WCLJ. Specifically, claimant notes that the employer attached to its post-hearing submissions an investigative report that was rejected by the WCLJ, as well as three written statements from purported eyewitnesses who did not testify at the hearing. Notably, while the Board's review generally encompasses only the evidence in the record before the WCLJ (see 12 NYCRR 300.13 [f]), the Board has the discretion to accept other evidence where the party states its reasons why the evidence could not have been presented at the hearing (see 12 NYCRR 300.13 [g]; see also Matter of Cutting v Richard W. Nezelek, Inc., 293 AD2d 829, 831 [2002]). Although the employer did not indicate that this evidence was unavailable at the hearing, we note, in any event, that the Board does not set forth that it considered this additional evidence. Under the circumstances herein, reversal is not required on this issue.

Turning to the merits, claimant contends that the Board improperly determined that he was ineligible for benefits because he was the initial aggressor of this work-related altercation. An employer is required to secure compensation

for an employee who suffers a disability as a result of an injury arising out of his or her employment, without regard to the cause of the injury (see Workers' Compensation Law § 10 [1]). This obligation may be dispensed with when an "injury has been solely occasioned * * * by [the] wilful intention of the injured employee to bring about the injury or death of himself or another" (Workers' Compensation Law § 10 [1]). However, absent substantial evidence to the contrary, the Board must presume that an injury was not the result of an employee's willful intent to injure himself or herself or another (see Workers' Compensation Law § 21 [3]; *Matter of Matias v Donmoor, Inc.,* 133 AD2d 998, 999-1000 [1987]).

For purposes of workers' compensation, altercations between coworkers are usually considered compensable regardless of fault if the injury arises out of a clash over work-related disputes (see *Matter of Matias v Donmoor, Inc., supra; Matter of Commissioner of Taxation & Fin. v Bronx Hosp.,* 276 App Div 708, 712 [1950]; see also 110 NY Jur 2d, Workers' Compensation § 358). A work-related altercation is distinguishable from an altercation that is born out of purely personal animosities and, thus, noncompensable (see *Matter of Rosen v First Manhattan Bank,* 84 NY2d 856, 857-858 [1994]; *Matter of Arrington v Schneider,* 75 AD2d 963 [1980]). While the Board is free to resolve questions of fact (see *Matter of MacKenzie v Management Recruiters,* 271 AD2d 822, 822-823 [2000], *lv denied* 95 NY2d 768 [2000]), the identification of one of the combatants as the initial aggressor is not a dispositive factor standing alone (see *Matter of Matias v Donmoor, Inc., supra* at 999). To dismiss the claim, there must be proof that the claimant's actions were "willful and deliberate," as opposed to impulsive (*id.* at 1000). Furthermore, consideration must be given to whether "any nexus, however slender, may be found between the employment and the motivation for the assault" (*Matter of Privatera v Yellow Cab Co.,* 158 AD2d 835, 836 [1990]; see *Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406, 409 [1971]).

Here, the carrier conceded that claimant was injured in a work-related altercation and the record is devoid of evidence that the episode was the result of purely personal animosities that were unrelated to the work dispute (see *Matter of Privatera v Yellow Cab Co., supra* at 836). The proof herein does not support the finding of "willful intention" as contemplated by the statute. Thus, we find that the Board's finding cannot be sustained.

Mercure, Spain, Rose and Kane, JJ., concur. Ordered that

the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.