Matter of McGee v Johnson Equip. Sales & Serv. (2020 NY Slip Op 03165)





Matter of McGee v Johnson Equip. Sales & Serv.


2020 NY Slip Op 03165


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529807

[*1]In the Matter of the Claim of Marlo E. McGee, Claimant,
v
Johnson Equipment Sales & Service et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


The Law Offices of Melissa A. Day, PLLC, Amherst (Melissa A. Day of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Garry, P.J.
Appeal from an amended decision of the Workers' Compensation Board, filed January 11, 2019, which ruled, among other things, that claimant sustained injuries arising out of and in the course of her employment.
Claimant, a truck driver, applied for workers' compensation benefits after she was injured in Ohio on October 5, 2016, when she lost control of the tractor trailer she was driving and it rolled over. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, arguing that claimant intended to cause her injury. Following a hearing, during which the carrier also alleged that claimant had violated Workers' Compensation Law § 114-a, a Workers' Compensation Law Judge established the claim for an injury to claimant's back. In an amended decision, the Workers' Compensation Board affirmed the establishment of the claim, but rescinded the direction for continuing awards after October 12, 2016, finding that claimant had voluntarily removed herself from the labor market as of that date. The carrier appeals.
We affirm. An employee is generally entitled to workers' compensation benefits as the result of an injury arising out of and in the course of his or her employment (see Workers' Compensation Law § 10 [1]). Notwithstanding, benefits shall not be awarded in instances when the injury "has been solely occasioned . . . by [the] willful intention of the injured employee to bring about the injury or death of himself [or herself] or another" (Workers' Compensation Law § 10 [1]; see Matter of Bell v Utica Corp., 306 AD2d 604, 606 [2003]). However, "it shall be presumed in the absence of substantial evidence to the contrary . . . [t]hat the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself [or herself] or of another" (Workers' Compensation Law § 21 [3]; see Matter of Delacruz v Incorporated Vil. of Freeport, 175 AD3d 1739, 1740 [2019], lv denied ___ NY3d ___ [Apr. 30, 2020]). The carrier has the burden of rebutting the presumption of compensability (see Matter of Matias v Donmoor, Inc., 133 AD2d 998, 999 [1987]) and, regarding an intentional injury, "[t]o dismiss the claim, there must be proof that the claimant's actions were willful and deliberate, as opposed to impulsive" (Matter of Bell v Utica Corp., 306 AD2d at 606 [internal quotation marks and citation omitted]).
According to the accident report of an Ohio highway patrol officer, claimant advised the officer that she was driving in the right lane of a three-lane highway. As she was approaching her exit, she came upon two slower moving vehicles in her lane. According to the report and claimant's testimony, she moved into the center lane to pass the vehicles when one of them sped up and, by the time that claimant could move back into the right lane, she had reached the exit. Video footage shot by cameras facing claimant and aimed out the front windshield reflect that claimant entered the exit ramp travelling at 67 miles per hour (hereinafter mph), and the ramp has a marked speed limit of 35 mph. According to the video, claimant slowed to 47 mph, but was unable to maintain control of her vehicle as the ramp turned sharply to the right, causing her vehicle to roll over.
The carrier argues that by exiting the highway at such a high rate of speed, claimant's actions were so reckless as to constitute a willful intent to hurt herself or others. The carrier also relies on the fact that a postaccident drug screen revealed the presence of cocaine in claimant's system. There is no indication in the record, however, of when claimant ingested the cocaine or the extent that the amount of the drug in her system would have affected claimant's driving ability or decision-making. It is well settled that the Board "has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Marshall v Murnane Assoc., 267 AD2d 639, 640 [1999], lv denied 94 NY2d 762 [2000]; accord Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 967 [2018]). As such, we conclude on this record that substantial evidence supports the Board's determination that, although claimant exhibited bad judgment by travelling at too high a rate of speed when she merged onto the exit ramp, her actions were not so reckless as to infer a willful intent to cause injury to herself so as to rebut the presumption of compensability (see generally Matter of Bell v Utica Corp., 306 AD2d at 606).
The carrier also argues that claimant violated Workers' Compensation Law § 114-a by not providing an accurate medical history to medical experts and the Board. "[A] person may be disqualified from receiving workers' compensation benefits when he or she knowingly makes a false statement or representation as to a material fact for the purpose of obtaining such benefits" (Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020] [internal quotation marks and citations omitted]; see Matter of Galeano v International Shoppes, 171 AD3d 1416, 1417-1418 [2019]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]).
Claimant's treating orthopedic surgeon, Edward Simmons, testified that he first examined claimant in November 2016. According to Simmons, claimant advised him that she had a history of back pain and that, although her symptoms were mild and intermittent prior to the 2016 incident, the pain was severe and constant following the incident. Simmons opined that claimant suffered an exacerbation of her preexisting back condition as the result of the 2016 incident, found a causally-related temporary total disability and recommended decompression and fusion surgery. Steven Hausmann, an orthopedic surgeon that examined claimant at the request of the carrier, noted a history of a work-related back injury in 2004, as well as preexisting degenerative disc disease of the lumbar spine. Hausmann similarly found a causal relationship, concluding that the 2016 incident aggravated claimant's preexisting back injury. Claimant's medical records demonstrate that she suffered a work-related injury to her back in 2004 and either reported or sought treatment for back pain in 2009, 2013 and 2014. Although claimant did not fully inform either medical expert about these specific instances, the record reflects that both experts were aware of a history of back pain and concluded that the 2016 incident exacerbated her preexisting condition. Further, while claimant responded "No" on the C-3 employee claim form when asked if she "remember[ed] having another injury to the same body part," the Board credited her exculpatory testimony that she was confused by the question because she was claiming injuries to several body parts on the form (see Matter of Snyder v Cring, 140 AD3d 1554, 1555 [2016]). In our view, substantial evidence supports the Board's finding that claimant did not knowingly make a material false representation in violation of Workers' Compensation Law § 114-a (see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d at 1268; Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1839 [2019]).
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.