Matter of Salas v Tom Cat Bakery, Inc. (2021 NY Slip Op 02213)





Matter of Salas v Tom Cat Bakery, Inc.


2021 NY Slip Op 02213


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

532140
[*1]In the Matter of the Claim of Pedro Salas, Appellant,
v
Tom Cat Bakery, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Ginarte Gallardo Gonzalez Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 21, 2020, which ruled, among other things, that claimant did not sustain a causally-related injury to his right shoulder and denied authorization for surgery.
Claimant, a delivery truck driver for the employer, filed a claim for workers' compensation benefits seeking to recover for injuries sustained to his left knee and the right side of his face after he slipped on ice and fell from his truck's platform in January 2018. The claim was established for an injury to claimant's face and subsequently was amended to include claimant's head, neck, left shoulder and left knee. In response to complaints of pain in his right shoulder, claimant underwent various diagnostic studies and medical evaluations and thereafter sought surgical authorization for arthroscopy and possible rotator cuff repair of his right shoulder. The employer's workers' compensation carrier denied the request, noting, among other things, that claimant's right shoulder was not an established site of injury and that claimant otherwise failed to meet the criteria for surgery. A Workers' Compensation Law Judge upheld the denial, finding, as relevant here, that claimant previously testified that he did not injure his right shoulder during the accident. Upon administrative review, the Workers' Compensation Board affirmed, finding, among other things, that surgical authorization was properly denied as claimant's right shoulder was not an established injury site. This appeal ensued.
Claimant, as so limited by his brief, argues that he established an injury to his right shoulder and that the medical evidence contained in the record was sufficient to discharge his burden of demonstrating a causal relationship between his injuries and his employment (see e.g. Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771 [2020], lv denied 36 NY3d 904 [2020]; Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1147 [2020]). Accordingly, claimant's argument continues, the Board erred in summarily rejecting such proof and in denying his request for surgical authorization. As the Board correctly noted, however, the medical opinions as to a causal relationship were grounded upon a factual premise that had not been established — namely, that claimant injured his right shoulder during the course of the underlying fall.
In this regard, although a physician diagnosed claimant in March 2018 with "[r]ight and left rotator cuff syndrome of the right and left shoulders," claimant nonetheless made no mention of an injury to his right shoulder when he filed his C-3 form, nor did he list his right shoulder as an injury site on the intake forms he completed for the independent medical examinations performed in November 2018, January 2019 and June 2019. When questioned about the accident at a hearing conducted in December 2018, claimant testified that he injured "the right side of [[*2]his] face, part of [his] eye, under the eye, the left shoulder, the left knee." On cross-examination, claimant was asked to clarify the injury sites, whereupon he stated that "there was also pain in the neck," but he continued to speak of his knee and shoulder injuries in the singular. When specifically asked if he had injured his right shoulder, claimant replied, "Well maybe it had some impact, when you have a[n] injury and you sleep on it later on I would have had some pain, [but] I never really did[,] I never made the report with my right shoulder at all, no."
"It is well settled that the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Czachurski v PAL Envtl., 189 AD3d 1866, 1867 [2020] [internal quotation marks, brackets and citations omitted]; accord Matter of McGee v Johnson Equip. Sales & Serv., 184 AD3d 935, 936 [2020]). In light of the foregoing testimony and documentary evidence, substantial evidence supports the Board's finding that claimant's right shoulder was not an established injury site. Absent a claim and corresponding proof of injury to that body part, the medical proof as to causal relationship does not have a proper factual basis (see generally Matter of Pecora v County of Westchester, 13 AD3d 916, 917 [2004]) and, as such, lacks credibility. As claimant does not otherwise contest the balance of the Board's findings, the Board's decision is affirmed.
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.