852

██ ·In the Matter of the Claim of FRANCISCA TORO, Appellant, v. 1700 FIRST AVENUE CORPORATION et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal by claimant from a majority decision of the Workmen's Compensation Board which disallowed death benefits to the widow and minor children of decedent. It is undisputed that deceased, a resident superintendent of nine apartment buildings leased to his employer and located in the vicinity of First Avenue and East 89th Street in New York City, was brutally assaulted about the head with a piece of iron pipe by an unknown and unapprehended assailant in the late evening of January 11, 1960. He died on the following day of a crushed skull and brain injuries. Deceased was subject to call during the 24 hours of each day. Police officials were unable to establish a motive for the commission of the crime. The attack was unwitnessed and committed in a basement of the apartment house in which he lived about six feet from the courtyard entrance which led to it and near the door of the workshop where he kept his tools. A detective testified that his investigation disclosed that deceased had told his wife shortly before the occurrence " that he was going out to fix a boiler " in one of the buildings operated by his employer. The employer's report of injury filed with the board and the testimony of its secretary-treasurer served to corroborate this hearsay testimony. (*Matter of Jones* v. *Chicago Pneumatic Tool Co.*, 9 A D 2d 804.) The presence of the deceased in the basement on the occasion of the assault is not otherwise accounted for. In affirming the Referee's decision the board held that the fatal assault was unrelated to and did not arise out of employment on the theory that the danger that such might occur was a risk common to the public generally and not one to which the nature of decedent's employment peculiarly exposed him. That the assault arose in the course of employment is demonstrated by uncontradicted evidence supplied in considerable measure by the employer itself. Respondents do not now otherwise contend. Thus it must be presumed as a matter of law in the absence of substantial evidence to the contrary that the injuries which resulted in death arose " out of " employment. (Workmen's Compensation Law, § 21; *Matter of Humphrey* v. *Tietjen & Staffin Milk Co.*, 235 App. Div. 470, affd. 261 N. Y. 549.) Our examination of the record fails to disclose evidence legally sufficient to overcome the operative presumption. The assigned bases for the board's decision are unsustainable as a matter of law even in the absence of the statutory presumption. No personal motive is ascribed for the attack on deceased. It is gleanable that the board regarded robbery as its incentive. This is indicated by its statements concerning the absence of deceased's wallet and the finding of his keys in an automobile owned by one of the tenants to which he had access for the purpose or changing its parking place periodically to comply with municipal regulations and subsequently found by the police to have been abandoned some distance from the scene of the crime. The duties of deceased called him in the darkness of late evening to the basement of one of his employer's apartment houses to attend a faulty boiler about which tenants had complained. The site of his work was separated from the travelled way by an intervening courtyard and at least to some extent removed from public view. In this physically opportune setting the exposure to the danger of assault by a footpad clearly transcended the peril common to mankind in general. As an incident of the work deceased was thus brought " within the zone of special danger " and in contact with the risk which caused his death. In these circumstances there is coverage under the Workmen's Compensation Law. (*Matter of Heidemann* v. *American Dist. Tel. Co.*, 230 N. Y. 305; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Ramos* v. *Taxi Tr. Co.*, 276 App. Div. 101, 106, affd. 301 N. Y.

749; *Matter of Christiansen* v. *Hill Reproduction Co.*, 262 App. Div. 379, affd. 287 N. Y. 690; *Matter of Lanni* v. *Amsterdam Bldg. Co.*, 217 App. Div. 278; *Rosmuth* v. *American Radiator Co.*, 201 App. Div. 207; 1 Larson, Workmen's Compensation Law, § 11.33.) Decision reversed, with costs to appellant and the matter remitted to the Workmen's Compensation Board for further proceedings. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.