Burke, J.
During an afternoon break, an argument developed between two of respondent’s coemployees, Carmelo Cordero and Irma Rodriguez. Decedent, also an employee, intervened in behalf of Miss Rodriguez. A quarrel and then a fight with Cordero and Ishmael Rodriguez ensued. After the fight had been broken up, Cordero and Rodriguez left the premises. Decedent and a friend followed, and a second fight occurred outside. The next day Cordero and Rodriguez returned and shot and killed decedent.
A witness testified that decedent would assist new employees in learning their jobs. The board found that decedent was ‘ ‘ required to instruct the girls ’ ’ and held that the injury was the result of an accident arising “ out of the hazards created by his employment.” The Appellate Division rejected the finding as without basis in the record. Three reasons were then given for denying compensation: (1) the original encounter was not work-related; (2) decedent, in following Cordero and Rodriguez outside, abandoned his employment, and (3) the 24-hour cooling-off period between the fight and the shooting was sufficient to disconnect the injury from any relationship to the employment.
Whether or not decedent was employed in an instructional position is irrelevant to a proper analysis of this case. The record indicates that decedent was not a shop foreman. He was not a supervisor responsible for the quality of performance of his coemployees. Thus the restoration of order was not an incident and inherent hazard of his employment (cf. 1 Larson, Workmen’s Compensation Law, § 11.11). But the inquiry does *409 not end there. If decedent’s involvement otherwise arose out of his employment, the award should be sustained.
An award of compensation may be sustained even though the result of an assault (Matter of Verschleiser v. Stern & Son, 229 N. Y. 192), so long as there is any nexus, however slender, between the motivation for the assault and the employment. The connection here is clear. Decedent’s only relationship with Irma Rodriguez, as found by the board and supported by substantial evidence in the record, was as a coemployee. He became involved to assist a “damsel in distress”, a female coemployee being abused, so he thought, by a male worker. Arguments among employees and their escalation into violence, especially during regular breaks, must be anticipated by employers. Decedent was not the aggressor, and he would not have become engaged in this quarrel had his employment not exposed him to it.
Cases involving the two original combatants and the instigation and cause of the dispute between them are inapposite (Matter of Scholtzhauer v. C. & L. Lunch Co., 233 N. Y. 12; Matter of Meitz v. Ruppert, 218 N. Y. 148; Matter of Jiminez v. Egenhauser, 16 A D 2d 720; Matter of Pecoraro v. Russell-Miller Milling Co., 9 A D 2d 992) because the record is barren of any evidence of a prior relationship between decedent and Cordero and Rodriguez. Such personal animosity cannot be inferred in the absence of substantial evidence to support it (Workmen’s Compensation Law, § 21).
Neither of the Appellate Division’s two alternative reasons, abandonment (cf. Matter of Burns v. Merritt Eng. Co., 302 N. Y. 131, 134) and sufficiency of the cooling-off period, may be sustained on this appeal, for both are essentially factual determinations. Thus, decedent’s intervention having been found work-related, the board could find as a fact that he did not abandon his employment when he followed Cordero and Rodriguez outside. Moreover, claimant is not seeking an award for injuries incurred at that time. And a finding of abandonment at that time would not necessarily compel the denial of an award as there was a connection between the protection of the female coemployee and the subsequent shooting.
Similarly, the 24-hour interval did not ipso facto terminate the relationship previously found. “ [I]f there was no contact *410 whatever between the parties during the interlude, the purity of the fight’s connection with the employment remains undiluted by any possible unknown personal element” (1 Larson, Workmen’s Compensation Law, § 11.13, p. 147).
The findings of fact by the board, based on substantial evidence are final (Workmen’s Compensation Law, § 20). Accordingly, the order of the Appellate Division should be reversed and the award of the board reinstated.
Chief Judge Fuld and Judges Bergan, Breitel, Jasen and Gibson concur with Judge Burke ; Judge Scileppi dissents and votes to affirm on the opinion of the Appellate Division.
Order reversed, with costs, and the determination of the Workmen’s Compensation Board reinstated.