■ In the Matter of the Claim of GEORGE ARRINGTON, Respondent, v HARRY B. SCHNEIDER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 31, 1979. The board found that the injuries inflicted upon the claimant from an assault by his brother arose out of and during the course of the claimant's employment and thus were compensable. The claimant was employed as a building superintendent by the appellant employer. His brother was living temporarily in a vacant apartment in the employment premises and on prior occasions, to the knowledge of the appellant employer, had aided the claimant in his janitorial duties. The assault, for which the claimant was awarded compensation herein, occurred when the claimant requested his brother to sweep the hallways for him, since he had other duties to perform, and a dispute concerning money arose between the claimant and his brother. The test in determining compensability in cases such as this is whether the assault has resulted from work connected differences or from purely personal animosity between the combatants. This is a factual question for the board *(Matter of Ward v Typhoon Air Conditioning Co.,* 27 AD2d 785), and a determination in favor of compensability, when the assault arose on the employer's premises during working hours, concerning the claimant's employment, from a dispute with his brother whose assistance on prior occasions was known to the employer, cannot be said, as a matter of law, to lack substantial evidentiary support *(Matter of Williams v Leonard Elec. Co.,* 27 AD2d 780). Any nexus, however slender, between the motivation for the assault and the employment is sufficient to sustain an award of benefits *(Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.