■ In the Matter of the Claim of ANTHONY PRIVATERA, Respondent, v YELLOW CAB COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J.

Claimant, a 75-year-old clerk in the Yellow Cab Company garage, was responsible for receiving and securing driver receipts and trip sheets. On August 14, 1984, while cashing in the day-shift drivers between 4:00 P.M. and 5:00 P.M., claimant was approached by two women who asked for Chico Tolbert and Duane Cross, both of whom were drivers. Claimant was busy and referred the women to some idle drivers, any one of whom could radio the dispatcher for the two men. The next day, August 15, 1984, Cross accosted claimant on the employer's premises with vulgarity and threatened that Tolbert would "get him" because of the language he had allegedly used with the women. Cross then knocked claimant to the floor causing an injury to his hip.

In affirming an award by a Workers' Compensation Law Judge, the Workers' Compensation Board found that claimant was approached by the women on a work-related topic because of his office position and determined that this initial occurrence was in the course of employment. Cross' erroneous perception of what occurred and his reaction were found to have been the cause of claimant's injury.

On this appeal, the employer contends that the injury was the result of a personal altercation with a coemployee arising outside the scope of employment, and that the assault was motivated by a long-standing animosity and not work related. While the record shows that Cross had a less than friendly attitude toward claimant, it is clear and unchallenged that the subject assault was directly related to the events of the preceding day.

The test to determine the compensability of injuries sustained in an assault is whether the assault originated in work-related differences or purely from personal animosity between the combatants *(Matter of Arrington v Schneider,* 75 AD2d 963). This factual question is for the Board's resolution *(Matter of Ward v Typhoon Air Conditioning Co.,* 27 AD2d 785, *lv denied* 19 NY2d 582) and must be upheld if supported by substantial evidence in the record *(Matter of Williams v Leonard Elec. Co.,* 27 AD2d 780, *lv denied* 19 NY2d 581). The test is whether any nexus, however slender, may be found between the employment and the motivation for the assault *(Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406, 409). In this case there is substantial evidence to support the Board's finding of such nexus and the compensability of the injury *(cf., Matter of Mintiks v Metropolitan Opera Assn.,* 153 AD2d 133).

Decision affirmed, with one bill of costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.