■ In the Matter of the Claim of MENA ROSEN, Respondent, v FIRST MANHATTAN BANK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [609 NYS2d 436] —White, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed December 30, 1991 and February 10, 1993, which ruled that the death of claimant's decedent was a compensable accident.

When decedent arrived at the office building where he worked at about 6:30 A.M. on April 15, 1986, he was approached by Roger Proano, a coemployee. Instead of going to the 17th floor where their employer's offices were located, the men rode the elevator to the 18th floor and went to that floor's stairwell. At that point, Proano allegedly asked decedent for a $200 loan. Decedent refused and, according to Proano, made a vile remark that infuriated him, whereupon Proano murdered decedent.

Following a hearing on claimant's claim for death benefits, the Worker's Compensation Law Judge determined that the fatal assault arose out of and in the course of decedent's employment. The Workers' Compensation Board affirmed and this appeal by the employer ensued.

It is axiomatic that to be compensable under the provisions of the Workers' Compensation Law, an injury must arise out of the employment and it must arise in the course of employment (see, Matter of Koerner v Orangetown Police Dept., 68 NY2d 974, 974-975). Inasmuch as the course of employment is not limited to the exact time when an employee commences his duties, but rather encompasses a reasonable amount of time for the employee to enter his place of employment prior to the beginning of his shift (see, Matter of Voight v Rochester Prods. Div., GMC, 125 AD2d 799; Matter of Torio v Fisher Body Div.—General Motors Corp., 119 AD2d 955), the Board's finding that the death occurred during the course of employment is supported by substantial evidence because decedent was due at work at 6:30 A.M.

Having determined that the fatal accident occurred in the

course of employment, the Board relied on the presumption in favor of compensability found in Workers' Compensation Law § 21 as the basis for its decision that the assault also "arose out of" the employment. In order to overcome this presumption, the employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the assault except that offered by the employer (see, Matter of Iacovelli v New York Times Co., 124 AD2d 324).

The test to determine the compensability of injuries sustained in an assault is whether the assault originated in work-related differences or purely from personal animosity between the combatants (see, Matter of Privatera v Yellow Cab Co., 158 AD2d 835). This is a question of fact for the Board and, if an award is made, it must be sustained so long as there is any nexus, however slender, between the motivation for the assault and the employment (see, Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409). In this case the nexus is provided by the fact that decedent and Proano were coemployees (see, supra).

The only evidence presented by the employer that the assault arose from personal animosity was Proano's explanation which the Board, as is its province (see, Matter of Russell v Linens Plus, The Linen Mill Outlet, 188 AD2d 748), found not credible based on the opinion of the police detective who investigated this crime that Proano was not truthful. Without this evidence there is no proof of personal animosity. Therefore, we find that the employer did not overcome the presumption in favor of compensability. Accordingly, we affirm.

Mikoll and Weiss, JJ., concur.

Crew III, J. (concurring in part and dissenting in part). Although we agree with the majority that there is substantial evidence in the record to support the Workers' Compensation Board's finding that decedent's death occurred in the course of his employment, we are of the view that the presumption afforded by Workers' Compensation Law § 21 has been rebutted by substantial evidence to the contrary and, therefore, the determination that decedent's death arose out of his employment must be set aside (see generally, Matter of Cuervo v CAB Motor Co., 133 AD2d 894, 895). As the majority correctly notes, the appropriate inquiry is whether the underlying assault stemmed from work-related differences or from personal animosity (see, Matter of Arrington v Schneider, 75 AD2d 963), and it is clear that a compensation award may be sustained as long as there is any nexus between the motiva-

tion for the underlying assault and the employment *(see, Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406, 409)*. To that end, we recognize that as a general rule, a finding that the victim and the assailant were coemployees is sufficient to establish the requisite nexus *(see, supra; see also, Matter of Privatera v Yellow Cab Co.,* 158 AD2d 835; *cf., Matter of Mintiks v Metropolitan Opera Assn.,* 153 AD2d 133, *appeal dismissed* 75 NY2d 1005)*. Here, however, we are of the view that the mere fact that decedent and his assailant, Roger Proano, were coemployees cannot provide that nexus given that the record as a whole plainly demonstrates that the attack was undertaken with robbery as its motive and was not in any way work related.

Denis Carroll, a homicide detective with the New York City Police Department, testified that he was assigned to investigate the circumstances surrounding decedent's death. During the course of that investigation, he obtained a confession from Proano that he killed decedent. While Proano told Carroll that the reason he did so was the result of an offensive comment decedent allegedly made regarding Proano's wife, Carroll was of the opinion that the killing was premeditated with robbery as the motive. He based his opinion on the fact that Proano had told his wife the prior evening to come to the workplace at 3:00 P.M. the next day to pick up money which he would have for her, and that was not Proano's payday. Proano intercepted decedent in the lobby of the building where they worked, took him in the elevator to a different floor than the one on which they worked, took him into the stairwell and bludgeoned him with a pair of pliers, after which he took decedent's personal property. Proano then changed into an extra pair of clothes he had brought with him to work and secreted the pliers and bloody clothes in the duffle bag that he had used to carry the change of clothes; Proano had rubber gloves that he used to avoid leaving fingerprints at the scene. From all of this Carroll opined that the killing was premeditated and was in no way work related.

Given that uncontroverted testimony, we are of the opinion that the Board's reliance on the presumption of compensability was arbitrary and irrational. We would, therefore, reverse the Board's decision and dismiss the claim.

Cardona, P. J., concurs. Ordered that the decision and amended decision are affirmed, without costs.