OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The issue presented in this proceeding arising from a claim for workers’ compensation death benefits is whether decedent’s injuries are compensable as arising out of and in the course of his employment. Although decedent’s death actually occurred in an 18th floor stairwell that was not technically part of the employer’s premises, evidence that decedent was initially approached by his attacker, a coworker, in the lobby of the building where the employer’s offices were located, upon arriving for his scheduled tour of duty, and that the two men rode the elevator which was the customary route to the employer’s 17th floor offices, supports the conclusion that the assault was "rooted in events * * * started at or about the premises of the employer” (Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 194). Thus, substantial evidence supports the conclusion that the assault "arose in the course of his employment” (see, 1 Larson, Workmen’s Compensation § 15.43, at 4-132; Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 327; see also, Matter of Notowitz v Rose Towel & Linen Supply Co., 36 AD2d 543, affd no opn 29 NY2d 502).
Pursuant to Workers’ Compensation Law § 21 (1), an assault which arose in the course of employment is presumed to have arisen out of the employment, absent substantial evidence that the assault was motivated by purely personal animosity (Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409). In light of the record evidence that the victim and the *858 assailant were co-workers who may have been engaged in a dispute over a loan of money — a practice which was condoned by the employer — and that the parties had no social ties outside of work, the Workers’ Compensation Board was within its fact-finding province to reject the testimony of decedent’s assailant as to the personal motive for the homicide, and to conclude that the police investigator’s testimony that the assault was motivated by robbery was insufficient to overcome the statutory presumption that the dispute was work-related (see, Matter of Daly v Opportunities for Broome, 39 NY2d 862).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.