■ In the Matter of the Claim of EVELYN MELO, Respondent, v JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [845 NYS2d 844]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 2, 2006, which ruled that claimant did not sustain an injury arising out of and in the course of her employment.

In 1997, while preparing a report in the course of her duties as a night shift direct care worker employed by the Jewish Board of Family and Children's Services, Inc., claimant heard a noise and left her office to investigate. She was assaulted by a stranger in the hallway and then dragged to the basement where she was knocked unconscious and raped. The assailant was never apprehended. In this proceeding to determine whether claimant is relegated to benefits under the Workers' Compensation Law (*see Melo v Jewish Bd. of Family & Children's Servs.*, 282 AD2d 440 [2001]), the Workers' Compensation Board determined that her injury did not arise out of her employment. The employer and its workers' compensation carrier appeal.

To be compensable, an injury must arise out of and in the course of the claimant's employment (*see* Workers' Compensation Law § 10 [1]). At issue here is whether there is some causal relationship or reasonable nexus between the employment and the assault (*see Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 326-327 [1988]; *Matter of Mintiks v Metropolitan Opera Assn.*, 153 AD2d 133, 137 [1990], *appeal dismissed* 75 NY2d 1005 [1990]). In a case such as this, "the causal link may be supplied by a work environment which increased the risk of attack or a work-related motivation for the assault" (*Matter of Mintiks v Metropolitan Opera Assn.*, 153 AD2d at 137 [citations

omitted]). Whether such a link exists is a factual question for the Board to resolve, and where there is substantial evidence supporting the Board's determination, we will not disturb it (*see Matter of Privatera v Yellow Cab Co.*, 158 AD2d 835, 836 [1990]).

Here, the assault did not take place while claimant was actually performing her duties, it occurred in a secured building not identified as her place of employment, it was perpetrated by someone who was not a coworker or otherwise connected with her employer, and the record discusses no employment-related explanation for the assault. For example, there is neither any evidence that the victim's work placed her in a potentially dangerous location (*cf. Matter of Toro v 1700 First Ave. Corp.*, 16 AD2d 852, [1962], *affd* 12 NY2d 1001 [1963]), nor that a theft from her employer was the evident motive (*cf. Matter of Watson v Graphic Mgt. Sys.*, 96 AD2d 619 [1983]). In short, the Board's finding that there was no causal link between claimant's job and the attack is supported by the record.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.