■ In the Matter of the Claim of MARTHA J. GUTIERREZ, Respondent, v COURTYARD BY MARRIOTT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 744]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 1, 2005, which ruled that the death of claimant's decedent arose out of and in the course of her employment and awarded claimant workers' compensation benefits.

On March 9, 2003, claimant's daughter was found murdered

in the lower level of the Courtyard by Marriott hotel (hereinafter hotel) located at John F. Kennedy International Airport. At the time, claimant's daughter was employed as a guest services agent working at the front desk of the hotel and had left that location to go to the employees' restroom located in the lower level. Following a number of hearings, claimant's application for death benefits was granted by the Workers' Compensation Law Judge (hereinafter WCLJ). On administrative appeal to the Workers' Compensation Board, the decision of the WCLJ was affirmed. The employer and its workers' compensation carrier appeal.

We affirm. A claimant seeking workers' compensation death benefits must establish that the death occurred during the course of employment and arose out of the employment (see Matter of Rosen v First Manhattan Bank, 202 AD2d 864, 864-865 [1994], affd 84 NY2d 856 [1994]). First, there can be no serious dispute that the death occurred during the course of employment. Decedent was on duty at the hotel's front desk and the fact that she left to go to the restroom does not constitute such an interruption of employment as to compel a determination that the death did not occur during employment (see Matter of Pabon v New York City Tr. Auth., 24 AD3d 833, 833 [2005]). Second, whether the fatal attack arose out of employment is dependent upon whether the attack flows from work-related differences or purely personal animosity (see Matter of Perez v Victory Motor Inn, 2 AD3d 963, 963 [2003]). If there is any demonstrated nexus, however slender, between the motivation for the assault and employment, an award of workers' compensation death benefits is appropriate (see Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409 [1971]). Further, under Workers' Compensation Law § 21, since the death occurred during the course of decedent's employment, a presumption arises that the death arose out of the scope of employment unless the presumption is successfully rebutted (see Matter of Rosen v First Manhattan Bank, 202 AD2d at 865). Here, the record evidence points to decedent's boyfriend, also an employee of the hotel, as the perpetrator of the murder. A number of witnesses testified on behalf of claimant that decedent's boyfriend was overly jealous as a result of the manner in which decedent dealt with customers of the hotel. This evidence provides the necessary nexus between decedent's employment and her death and constitutes substantial evidence establishing that the death arose out of employment (see Matter of Blair v Bailey, 279 AD2d 941, 942-943 [2001], lv dismissed 96 NY2d 824 [2001]).

The employer and carrier's protestations that the hearings

should have been adjourned until after the boyfriend's criminal trial and the exclusion of certain evidence necessary to rebut the presumption are meritless. Although the record establishes that the District Attorney's office requested that the hearings be adjourned until the completion of the criminal trial, the record further establishes that the criminal trial had not been scheduled during the two years prior to the WCLJ's decision. Under these circumstances, we find no abuse of discretion in denying an adjournment until the completion of the criminal trial (*see Matter of Slack v Livingston-Wyoming ARC*, 294 AD2d 716, 717 [2002], *lv dismissed* 98 NY2d 727 [2002]).

Lastly, the exclusion of hearsay evidence does not require reversal. Hearsay evidence is admissible at workers' compensation hearings, but it can only support a finding that is contrary to other record evidence if it is "sufficiently reliable" (*Matter of Pugliese v Remington Arms*, 293 AD2d 897, 897-898 [2002]). Here, we find no basis to disturb the rulings excluding certain statements taken by investigating police officers and excluding a telephone conversation between decedent's coworker and a person who identified herself as the alleged murderer's sister as too unreliable and prejudicial. Even if the evidence had been admitted, such hearsay testimony regarding personal conflicts between decedent and her boyfriend, "standing alone, is not sufficient to rebut the statutory presumption" that the death derived from decedent's employment and must be supported by corroborative " 'circumstances and other evidence' " (*Matter of Kelly v New York City Tr. Auth.*, 39 AD2d 1006, 1006 [1972], *affd* 33 NY2d 373 [1974], quoting *Matter of Guggenheim v Hedke & Co.*, 32 AD2d 1017, 1018 [1969], *affd* 27 NY2d 596 [1970]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.