In the Matter of the Claim of DEBORAH WILSON, Respondent, v GENERAL MILLS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [899 NYS2d 677]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed October 31, 2008, which ruled that claimant's injury arose out of and in the course of her employment and awarded workers' compensation benefits.

Claimant, a general mechanic, filed this claim for workers' compensation benefits after a coworker struck her in the face with what was variously described as an air regulator or valve. Following a hearing, a Workers' Compensation Law Judge found that the assault upon claimant stemmed from work-related differences and awarded benefits. The Workers' Compensation Board affirmed, crediting claimant's testimony regarding the circumstances and finding a sufficient nexus between the assault and the employment to support the award. The employer and its workers' compensation carrier appeal.

We affirm. "The test to determine the compensability of injuries sustained in an assault is whether the assault originated in work-related differences or purely from personal animosity between the combatants. This is a question of fact for the Board and, if an award is made, it must be sustained so long as there is any nexus, however slender, between the motivation for the assault and the employment" (*Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865 [1994], *affd* 84 NY2d 856 [1994] [citations omitted]; *see Matter of Perez v Victory Motor Inn*, 2

AD3d 963, 963-964 [2003]; *Matter of Russo v HRT, Inc. of Orange County*, 246 AD2d 933, 933-934 [1998], *lv denied* 91 NY2d 815 [1998]). Claimant and her assailant had a long history of difficulties. While claimant described repeated harassment due to race and gender, she also testified that the assailant had "defamed" her abilities and work as a mechanic by stating that she was a "bad mechanic," and influencing other coworkers to believe this was true. Even the affidavit that claimant filed with the Equal Employment Opportunity Commission in support of her discrimination complaint, upon which the employer and its carrier heavily rely, may be read as suggesting that at least some of the assailant's offensive comments and conduct stemmed from a promotion and pay raise that claimant received in 2005. Crediting claimant's testimony, as the Board plainly was entitled to do (*see Matter of Donovan v BOCES Rockland County*, 63 AD3d 1310, 1312 [2009]), we cannot say that it erred in finding the required nexus between the underlying assault and claimant's employment.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.