■ In the Matter of the Claim of CHAD CUTHBERT, Respondent, v PANORAMA WINDOWS LTD. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 509]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 18, 2009, which ruled that claimant sustained an injury arising out of and in the course of his employment.

Claimant, a purchasing clerk, filed this claim for workers' compensation benefits after a coworker struck him in the head with a two-foot-long piece of aluminum. Following a hearing, a workers' compensation law judge found that the assault stemmed from work-related differences and awarded benefits. The Workers' Compensation Board affirmed, concluding that the assault was motivated, at least in part, by the underlying employment relationship. The employer and the State Insurance Fund appeal.

"The test to determine the compensability of injuries sustained in an assault is whether the assault originated in work-related differences or purely from personal animosity between the combatants. This is a question of fact for the Board and, if an award is made, it must be sustained so long as there is any nexus, however slender, between the motivation for the assault and the employment" (*Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865 [1994] [citations omitted], *affd* 84 NY2d 856 [1994]; *see Matter of Wilson v General Mills*, 73 AD3d 1246 [2010]; *Matter of Wadsworth v K-Mart Corp.*, 72 AD3d 1244, 1244-1245 [2010]).

Here, there is no dispute that claimant and the coworker had a long history of difficulties. Notably, both previously received written warnings and three-day suspensions from work for their offending conduct toward one another, which included claimant allegedly pulling a box knife on the coworker and the coworker admittedly using racial slurs to address claimant and purportedly threatening to kill him on any number of occasions. Although claimant attributed this conflict to racial differences, the plant manager testified that claimant had a difficult time fitting into the overall plant structure, apparently believing that his education and salary made him better than his fellow employees and that this attitude, in turn, created "a lot of tension" in the work environment. Additionally, the plant manager acknowledged that claimant reported his prior difficulties with the coworker, in response to which a plant meeting involving

"all the employees" was called to address the racial comments that had been made. Following this meeting, the coworker admitted using a racial slur to address claimant and was suspended. Thus, despite whatever personal differences claimant and the coworker may have had, based upon our review of the plant manager's testimony, which the Board found credible (*see Matter of Wilson v General Mills*, 73 AD3d at 1247), we cannot say that it erred in finding the requisite nexus between claimant's employment and the underlying assault (*see id.* at 1247; *compare Matter of Wadsworth v K-Mart Corp.*, 72 AD3d at 1245; *Matter of Melo v Jewish Bd. of Family & Children's Servs., Inc.*, 45 AD3d 998, 999 [2007]; *Matter of Closson v Dutchess County Sheriff's Dept.*, 179 AD2d 861 [1992]).

Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.