■ In the Matter of the Claim of ARTHUR MOSLEY, Respondent, v HANNAFORD BROTHERS COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [988 NYS2d 303]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 10, 2012, which ruled that claimant sustained an injury arising out of and in the course of his employment.

In November 2007, while working as an assistant store manager for the employer, claimant made a telephone call to a coworker at her home to discuss a work-related matter. Following that telephone call, the coworker's husband became convinced that claimant and the coworker were engaged in a romantic relationship, prompting the coworker's husband to undertake a course of threatening and harassing conduct against claimant, culminating in an unsuccessful murder-for-hire plot against him. Additionally, the coworker's husband contacted claimant's supervisor regarding the alleged affair, which triggered an internal investigation by the employer and ultimately resulted in claimant requesting a transfer to another store. As a result, claimant's preexisting posttraumatic stress disorder was exacerbated to the point that he was unable to continue to work. Claimant thereafter filed a claim for workers' compensation benefits. The employer controverted the claim upon the basis that the claimed injury was not causally related to claimant's employment. A Workers' Compensation Law Judge determined that claimant's injury was work related and, on administrative appeal, a three-member panel of the Workers' Compensation Board issued a split decision upholding the decision of the Workers' Compensation Law Judge. Upon full Board review, the decision was affirmed. The employer now appeals.

Whether the injury producing event arose out of and in the course of claimant's employment depends upon whether it "originated in work-related differences or purely from personal animosity" (*Matter of Cuthbert v Panorama Windows Ltd.*, 78 AD3d 1450, 1451 [2010]; *see Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d 1241, 1242 [2007]). If there is "any nexus, however slender, between the motivation for the assault and employment," an award of workers' compensation benefits is

appropriate (*Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865 [1994], *affd* 84 NY2d 856 [1994]; *see Matter of Cuthbert v Panorama Windows Ltd.*, 78 AD3d at 1451; *Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d at 1242). Here, the work-related phone call from claimant to his coworker's home was the basis for the subsequent harassment of claimant at his place of employment, the employer's internal investigation and claimant's request for a transfer—all of which exacerbated claimant's preexisting stress disorder. As the record reveals no connection between claimant and the coworker's husband outside of claimant's work-related duties, the Board properly found the required nexus between the threatening conduct that exacerbated claimant's preexisting condition and claimant's employment (*see Matter of Cuthbert v Panorama Windows Ltd.*, 78 AD3d at 1451; *Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d at 1242).

Lahtinen, J.P., Stein, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.