Matter of Warner v New York City Tr. Auth. (2019 NY Slip Op 03122)





Matter of Warner v New York City Tr. Auth.


2019 NY Slip Op 03122


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

527193

[*1]In the Matter of the Claim of MARCUS WARNER, Appellant,
v
NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Geoffrey Schotter, New York City, for appellant.
Jones, Jones, LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed February 12, 2018, which ruled that claimant's injuries did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant was employed as a subway train cleaner for the self-insured employer, assigned to work the 12:00 a.m. until 8:00 a.m. shift. At approximately 7:50 a.m. on April 18, 2016, claimant clocked out of work after completing his shift and took the train home. As claimant was disembarking the train, he was assaulted by another passenger, resulting in multiple injuries. The perpetrator apparently became irate by claimant's warning that a prior passenger had relieved herself in the seat where the perpetrator was about to sit. Claimant applied for workers' compensation benefits which, after a hearing, a Workers' Compensation Law Judge denied, finding that claimant's injuries did not arise out of and in the course of his employment. Upon review, the Workers' Compensation Board affirmed. Claimant appeals, and we affirm.
"An injury is only compensable under the Workers' Compensation Law if it arose out of and in the course of a worker's employment and, in general, injuries sustained in the course of travel to and from the place of employment do not come within the statute" (Matter of Rodriguez v New York City Tr. Auth., 161 AD3d 1501, 1501-1502 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 916 [2019]; see Workers' Compensation Law § 10 [1]; Matter of Neacosia v New York Power Auth., 85 NY2d 471, 474-475 [1995]). "Injuries incurred while commuting to work are generally not covered because 'the risks inherent in traveling to and from work relate to the employment only in the most marginal sense'" (Matter of Rodriguez v [*2]New York City Tr. Auth., 161 AD3d at 1502, quoting Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 327 [1988]). Although there are recognized exceptions to this "going and coming" rule, none applies here and we find that substantial evidence supports the Board's determination that claimant's injuries sustained while traveling home from work are not compensable (Matter of Neacosia v New York Power Auth., 85 NY2d at 475; see Matter of Rodriguez v New York City Tr. Auth., 161 AD3d at 1502-1503; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251-1252 [2018]).
According to claimant, he finished his shift at 7:50 a.m., 10 minutes early, and clocked out, as he was permitted to do to compensate for coming in early. He left his assigned work train station and traveled on a train six stops on his way home, and was assaulted as he exited the train at approximately 7:55 a.m. Accordingly, at the time of the assault, claimant was not at his assigned train station, having clocked out of work, he was not on duty or performing any of the duties of his employment, and he was not on an errand for the employer (see Matter of Neacosia v New York Power Auth., 85 NY2d at 475-476; Matter of Rodriguez v New York City Tr. Auth., 161 AD3d at 1502). Rather, claimant was commuting home, "using the subways like the general public" (Matter of Rodriguez v New York City Tr. Auth., 161 AD3d at 1502; see Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252). There is no evidence that claimant was required to use the trains to commute to work or that the employer benefited from the route that he used to travel home. Although claimant opted to wear a jacket and hat bearing his employer's logo at work and during his commute, he was not required to do so, and they were not provided by the employer; claimant was wearing a safety vest issued to him with the employer's logo, however, he was only required to wear this while working and not during his commute home. Contrary to claimant's argument, the presumption embodied in Workers' Compensation Law § 21 (1), "that an accident that occurs in the course of employment also arises out of such employment" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018]), is inapplicable here as claimant was not doing anything that was "in the course of employment" at any point during his commute, including when he was assaulted.
Although injuries resulting from work-related assaults are compensable under certain circumstances, given that the incident occurred six train stops away from claimant's assigned station, after he had completed his shift, and that he was not performing any services for the employer on his commute home, the record supports the Board's determination that there was no nexus between the motivation for the assault and claimant's employment (see Matter of Rodriguez v New York City Tr. Auth., 161 AD3d at 1503; Matter of Belaska v New York State Dept. of Law, 96 AD3d 1252, 1253 [2012], lv denied 19 NY3d 814 [2012]; see also Matter of Lemon v New York City Tr. Auth., 72 NY2d at 327-328; cf. Matter of Rosen v First Manhattan Bank, 84 NY2d 856, 857 [1994]; Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409 [1971]; Matter of Mosley v Hannaford Bros. Co., 119 AD3d 1017, 1017-1018 [2014]; Matter of Wilson v General Mills, 73 AD3d 1246, 1246-1247 [2010], lv denied 15 NY3d 716 [2010]). Accordingly, although the assault was most unfortunate, the Board correctly concluded that claimant's injuries sustained in the course of travel home from his place of employment are not compensable (see Matter of Rodriguez v New York City Tr. Auth., 161 AD3d at 1501-1502; see also Workers' Compensation Law § 10 [1]; Matter of Neacosia v New York Power Auth., 85 NY2d at 474-475; Matter of Belaska v New York State Dept. of Law, 96 AD3d at 1253).
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.