Matter of Timperio v Bronx-Lebanon Hosp. (2022 NY Slip Op 00711)





Matter of Timperio v Bronx-Lebanon Hosp.


2022 NY Slip Op 00711


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

533584

[*1]In the Matter of the Claim of Justin Timperio, Appellant,
v
Bronx-Lebanon Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 12, 2022

Before: Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.


Law Offices of Arnold N. Kriss, New York City (Arnold N. Kriss of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Bronx-Lebanon Hospital and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.


Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 27, 2021, which ruled, among other things, that Justin Timperio sustained an injury arising out of and in the course of his employment.
On June 30, 2017, Henry Bello, a physician who had worked for the Bronx-Lebanon Hospital (hereinafter the hospital) from August 2014 until his resignation in February 2015 following an allegation that he had sexually harassed a hospital employee, entered the hospital wearing a white doctor's coat and a hospital identification badge and carrying, among other things, a loaded AR-15 rifle. In addition to setting fire to the hospital's sixteenth floor nursing station using a juice container filled with gasoline, Bello shot Justin Timperio, who was a first-year medical resident at that time,[FN1] shot and killed another doctor and shot and wounded four other members of the medical staff in addition to a patient. Timperio was shot in the abdomen, and the bullet exited his right thigh, requiring a hospital admission, surgical procedures and treatment. After the mass shooting, Bello shot and killed himself. In July 2017, the hospital and its workers' compensation carrier, the State Insurance Fund, filed a First Report of Injury form indicating that a former employee had shot Timperio while Timperio was performing his normal work duties and that his injuries required emergency surgery. The Workers' Compensation Board filed and mailed a Notice of Case Assembly, as well as a follow-up notice, to Timperio's last known address notifying him that a workers' compensation claim had been opened on his behalf, but the correspondence was returned without delivery.
In March 2018, Timperio filed a civil action in the United States District Court for the Southern District of New York (hereinafter the federal action) against the hospital, alleging causes of action for negligence, negligent infliction of emotion distress and negligent hiring, retention, training and supervision. Motion practice ensued, and, in an April 2019 memorandum opinion, the District Court (Gardephe, J.) denied the hospital's motion for summary judgment, finding, as relevant here, that Timperio's injuries did not arise out of and in the course of his employment because there was no evidence that the shooting originated in work-related differences (Timperio v Bronx-Lebanon Hosp. Ctr., 384 F Supp 3d 425, 432-433 [SD NY 2019]).[FN2] In May 2019, the hospital moved in District Court for an order certifying an interlocutory appeal or, in the alternative, for a stay pending the resolution of the proceedings before the Board; the District Court granted the request for a stay but denied the balance of the motion (Timperio v Bronx-Lebanon Hosp. Ctr., 2020 WL 8996683, *1, 3, 2020 US Dist LEXIS 41589, *1, 7-8 [SD NY, Mar. 9, 2020, No. 18-CV-1804 (PGG)]).
Following April, May and September 2020 hearings before a Workers' Compensation Law Judge (hereinafter WCLJ) to determine whether the Board had the [*2]authority and jurisdiction — in light of the federal action — to adjudicate the compensability of the claim, the WCLJ found that the Board has primary jurisdiction over the claim, established the claim for a gunshot wound to the abdomen and set Timperio's average weekly wage for purposes of awarding temporary indemnity benefits. Upon administrative review, the Workers' Compensation Board affirmed, finding initially that it is not precluded or estopped by the federal action to address the compensability of the claim and, secondly, that Timperio failed to rebut the presumption that the attack occurred during the course of his employment, as the assault occurred while he was working in a non-public area within the hospital, was perpetrated by a former employee, and was not motivated by personal animosity. Timperio appeals.
For the reasons that follow, we agree with the Board that it should have determined the issue at hand in the first instance and that it is not estopped from doing so but find, however, that Timperio did not sustain an injury arising out of and in the course of his employment. We therefore reverse. "It is axiomatic that an employee injured during his or her employment is limited in his or her remedy to workers' compensation [benefits] unless the injury was due to an intentional tort perpetrated by the employer or at the employer's direction" (Vasquez v McGeever, 1 AD3d 767, 768 [2003] [internal quotation marks and citations omitted]; see Workers' Compensation Law §§ 11, 29 [6]; Weiner v City of New York, 19 NY3d 852, 854 [2012]; Bello v City of New York, 178 AD3d 648, 649 [2019]; Owens v Jea Bus Co., Inc., 161 AD3d 1188, 1189 [2018]; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051 [2015], lv denied 26 NY3d 914 [2015]). Indeed, "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the . . . Board[,] and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the [B]oard" (Botwinick v Ogden, 59 NY2d 909, 911 [1983], citing O'Rourke v Long, 41 NY2d 219, 224 [1976]; see Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; Vasquez v McGeever, 1 AD3d at 768; Besaw v St. Lawrence County Assn. for Retarded Children, 301 AD2d 949, 950 [2003]; Corp v State of New York, 257 AD2d 742, 743, [1999]). Here, the mixed question of fact and law that is raised concerning whether Timperio sustained an injury arising out of and in the course of his employment is unquestionably a matter for the Board to decide in the first instance (see O'Rourke v Long, 41 NY2d at 228; Nunes v Window Network, LLC, 54 AD3d 834, 835 [2008]; Melo v Jewish Bd. of Family & Children's Servs., 282 AD2d 440, 441 [2001]; Corp v State of New York, 257 AD2d at 743), and its findings in this regard are "final and conclusive unless reversed on direct appeal, and are not subject to collateral attack in a plenary action" (Aprile-Sci v St. Raymond [*3]of Penyafort R.C. Church, 151 AD3d 671, 673 [2017] [internal citation omitted]; accord Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1357 [2016], lv denied 28 NY3d 910 [2016]; see Cunningham v State of New York, 60 NY2d 248, 252 [1983]; Alfonso v Lopez, 149 AD3d 1535, 1536 [2017]).
Moreover, we reject Timperio's contention that the Board was collaterally estopped or otherwise precluded from adjudicating the compensability of the claim based upon the District Court's prior finding that Timperio's injuries did not occur within the course of his employment. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; accord Wilson v City of New York, 161 AD3d 1212, 1216 [2018]). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks omitted]; see CitiMortgage, Inc. v Ramirez, 192 AD3d 70, 72 [2020]; Emmons v Broome County, 180 AD3d 1213, 1216 [2020]). However, "[w]hen no order or final judgment has been entered on a verdict or decision, or when the judgment is subsequently vacated, collateral estoppel is inapplicable" (Church v New York State Thruway Auth., 16 AD3d 808, 810 [2005]; accord Miller v Moore, 101 AD3d 1510, 1511 [2012]; see Matter of McGrath v Gold, 36 NY2d 406, 411 [1975]; Rudd v Cornell, 171 NY 114, 127-128 [1902]; Ruben v American & Foreign Ins. Co., 185 AD2d 63, 65 [1992]; see also Jeffrey's Auto Body, Inc. v Allstate Ins. Co., 159 AD3d 1481, 1482-1483 [2018]; Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 692 [2011]). Even assuming for the sake of argument that it was proper for Timperio in the federal action to litigate, and for the District Court to decide, in the first instance, the question of whether Timperio sustained an injury arising out of and in the course of his employment, collateral estoppel does not apply because the District Court's April 2019 memorandum opinion denying the hospital's motion for summary judgment was not a final judgment and "does not constitute an adjudication on the merits" (Carrier Corp. v Allstate Ins. Co., 187 AD3d 1616, 1618 [2020] [internal quotation marks and citation omitted]; see Wilson v City of New York, 161 AD3d at 1216; Martinetti v Town of New Hartford Police Dept., 307 AD2d 735, 736 [2003]). Indeed, although a final judgment may, for purposes of collateral estoppel or issue [*4]preclusion, "include any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect[,] [t]he denial of a motion for summary judgment is not such" (Kay-R Elec. Corp. v Stone & Webster Const. Co., Inc., 23 F3d 55, 59 [2d Cir 1994] [internal quotation marks and citation omitted]).
Turning to the compensability of the claim, "[a]n injury is only compensable under the Workers' Compensation Law if it arose out of and in the course of a worker's employment" (Matter of Warner v New York City Tr. Auth., 171 AD3d 1429, 1429-1430 [2019] [internal quotation marks and citation omitted]; see Workers' Compensation Law § 10 [1]; see Matter of Richards v Allied Universal Sec., 199 AD3d 1207, 1208 [2021]). "Pursuant to Workers' Compensation Law § 21 (1), an assault which arose in the course of employment is presumed to have arisen out of the employment, absent substantial evidence that the assault was motivated by purely personal animosity" (Matter of Rosen v First Manhattan Bank, 84 NY2d 856, 857 [1994]; see Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409 [1971]; Matter of Belaska v New York State Dept. of Law, 96 AD3d 1252, 1253 [2012], lv denied 19 NY3d 814 [2012]). Said differently, "[w]hether the injury producing event arose out of and in the course of [a] claimant's employment depends upon whether it 'originated in work-related differences or purely from personal animosity'" (Matter of Mosley v Hannaford Bros. Co., 119 AD3d 1017, 1017 [2014], quoting Matter of Cuthbert v Panorama Windows Ltd., 78 AD3d 1450, 1451 [2010]; see Matter of Gutierrez v Courtyard by Marriott, 46 AD3d 1241, 1242 [2007]). "An award of compensation may be sustained even though the result of an assault, so long as there is any nexus, however slender, between the motivation for the assault and the employment" (Matter of Seymour v Rivera Appliances Corp., 28 NY2d at 409 [citation omitted]; see Matter of Mosley v Hannaford Bros. Co., 119 AD3d at 1017-1018). Here, however, such nexus is lacking.
The undisputed facts in the record demonstrate that the attack was perpetrated by an individual who was not employed by the hospital at the time of the attack (and had not worked there for over two years), was not and never was Timperio's coworker, did not know Timperio and provided no reason for the attack prior to taking his own life. Nor did Timperio know the attacker, and there is no evidence that the attack was based upon an employment-related animus between the two individuals or that the attack had any nexus to Timperio's employment or "performance of h[is] job duties" (Matter of McMillian v Dodsworth, 254 AD2d 619, 620 [1998]; see Matter of Wadsworth v K-Mart Corp., 72 AD3d 1244, 1245 [2010]; Matter of Mintiks v Metropolitan Opera Assn., 153 AD2d 133, 137-138 [1990], appeal dismissed 75 NY2d 1005 [1990]). Such proof was sufficient to rebut the presumption articulated in Workers' Compensation Law § 21 (1) [*5]and to establish that the assault on Timperio resulted exclusively from arbitrary, broad-sweeping and gravely maligned personal animosity and not from work-related differences with Timperio (see Matter of Belaska v New York State Dept. of Law, 96 AD3d at 1253; Matter of Wadsworth v K-Mart Corp., 72 AD3d at 1245; Matter of Turner v F.J.C. Sec. Servs., 306 AD2d 649, 650 [2003]; Matter of Mintiks v Metropolitan Opera Assn., 153 AD2d at 137-138; compare Matter of Valenti v Valenti, 28 AD2d 572, 572-573 [1967]). Accordingly, the Board's decision establishing the claim must be reversed.
Lynch, J.P., Clark and Aarons, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this decision.



Footnotes

Footnote 1: Bello never worked with Timperio, and they had no prior knowledge of one another.

Footnote 2: In the same federal action, Timperio alleged claims against Upstate Guns and Ammo, LLC (hereinafter UGA) for negligent entrustment and negligence per se, but the District Court granted UGA's motion to dismiss those claims (Timperio v Bronx-Lebanon Hosp. Ctr., 384 F Supp 3d at 428, 433-435). UGA's subsequent motion for entry of partial final judgment pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure was denied, the District Court having found that UGA had not demonstrated that it will suffer any significant hardship if a partial final judgment is not entered (Timperio v Bronx-Lebanon Hosp. Ctr., 2020 WL 9211177, *1, 3-4 [SD NY, Mar. 9, 2020, No. 18-CV-1804 (PGG)]).