# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 46
In the Matter of the Claim of
Justin Timperio,
        Respondent,
    v.
Bronx-Lebanon Hospital et al.,
        Appellants.
Workers' Compensation Board,
        Appellant.

Sarah L. Rosenbluth, for appellant New York State Workers Compensation Board.
Caryn L. Lilling, for appellants Bronx-Lebanon Hospital et al.
Arnold N. Kriss, for respondent Justin Timperio.

HALLIGAN, J.:

In this appeal, we clarify the operation of the rebuttable presumption set forth in Workers' Compensation Law § 21 (1), which provides that when an injury arises in the course of a worker's employment, it is presumed to arise out of that worker's employment

and therefore is compensable, absent substantial evidence to the contrary. In cases involving assaults that occur at work, a lack of evidence as to the motivation for the assault does not rebut that presumption. Thus, the presumption applied and was unrebutted here, and the Appellate Division's contrary conclusion was error.

I.

On June 30, 2017, Henry Bello, a former employee of Bronx-Lebanon Hospital (BLH), entered the hospital wearing a doctor's white medical coat, under which he hid a loaded AR-15 rifle, ammunition magazines, and a juice container filled with gasoline. He proceeded to the 16th floor of the hospital, a non-public area, where petitioner Justin Timperio was working as a first-year resident. Bello opened fire, killing one doctor and wounding five members of the medical staff—including Timperio—before killing himself. Bello and Timperio were strangers prior to the shooting; they never worked at BLH at the same time and had no other prior contact.

BLH notified the Workers' Compensation Board (WCB) of Timperio's injuries in July 2017. The hospital subsequently requested an administrative decision from the WCB to establish a claim under the Workers' Compensation Law (WCL) and enter awards. While the matter was proceeding before a Workers' Compensation Law Judge (WCLJ), Timperio filed a negligence action in federal court against BLH and the store that sold Bello the rifle he used in the shooting. After that court rejected BLH's attempt to have the case dismissed, holding that Timperio's injuries were not compensable because "there [was] no evidence suggesting that the shooting originated in work-related differences" (*see Timperio v Bronx-Lebanon Hosp. Ctr.*, 384 F Supp 3d 425, 431-433 [SD NY 2019]), it

stayed the action pending resolution of this workers' compensation claim (*Timperio v Bronx-Lebanon Hosp. Ctr.*, 2020 WL 8996683, *1 [SD NY, Mar. 9, 2020, No. 18 Civ. 1804 (PGG)]).  In September 2020, a WCLJ determined that Timperio's injuries were compensable under the WCL.[1]  Timperio appealed to the WCB, which affirmed the decision.

The Appellate Division reversed (203 AD3d 179, 184-185 [3d Dept 2022]).  The court applied the correct standard that, to be compensable under the WCL, an injury must have arisen "out of and in the course of a [worker's] employment" and that under WCL § 21 (1), an injury that arose in the course of employment is presumed to have arisen out of employment as well (*id.* at 184, citing WCL § 10 [1] and *Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857 [1994]).  The court also acknowledged our holding that "[a]n award of compensation may be sustained even though the result of an assault, so long as there is any nexus, however slender, between the motivation for the assault and the employment" (*id.* at 185, quoting *Matter of Seymour v Rivera Appliances Corp.*, 28 NY2d 406, 409 [1971]).  The court, however, deemed "such nexus . . . lacking."  It held that the lack of record evidence establishing any employment-related animus "was sufficient to rebut the presumption" in WCL § 21 (1) and concluded that the claim was therefore not

---

[1] A different WCLJ had found Timperio's injuries compensable in an initial proceeding that neither Timperio nor his counsel attended.  That decision was vacated due to Timperio's absence, and the September 2020 proceeding followed.

compensable (*id.*).  We granted leave to appeal (39 NY3d 910 [2023]).[2]  Because the

Appellate Division erred in its application of WCL § 21(1)'s presumption, we now reverse.

## II.

Determinations by the WCB must be upheld where they are supported by substantial

evidence in the record (*see Matter of Zamora v New York Neurologic Assoc.*, 19 NY3d

186, 192-193 [2012]).  Workers' Compensation Law § 21 (1) provides that "[i]n any

proceeding for the enforcement of a claim for compensation under this chapter, it shall be

presumed in the absence of substantial evidence to the contrary . . . [t]hat the claim comes

within the provision of this chapter."

We have previously addressed the operation of this presumption in several cases

involving workplace assaults.  Less than a decade after enactment of WCL § 21 (1), we

considered the case of a "dairyman's chauffeur" who, while driving his employer's car and

delivering cheese, was randomly stabbed by an "insane man" who "stabbed any one near

him" (*Katz v Kadans & Co.*, 232 NY 420, 421 [1922]).  We concluded that because the

chauffeur was "sent into the street on his [employer]'s business" and then injured from

"exposure to the risks of the street," the injury "necessarily [arose] out of his employment"

and therefore was compensable (*id.*).  Decades later, we affirmed a compensation award to

---

[2] Where, as here, an employer or its carrier has filed a Workers' Compensation Law claim on behalf of an employee, requested an administrative determination on the claim, and opposed claimant's arguments that no workers' compensation award should be made, the employer and its carrier are aggrieved by an Appellate Division order reversing an award in claimant's favor and dismissing the claim.  To the extent *Matter of Parks v Weaver* (14 NY2d 546 [1964]) provides to the contrary, it should not be followed.

an employee assaulted by a man "he had never previously seen," because under the WCL § 21 (1) presumption, "[w]hen an injury is sustained in the course of employment it will be presumed, as a matter of law, that it did arise out of the employment" (*Slade v Perkins*, 42 AD2d 667, 668 [1973], *affd* 33 NY2d 988 [1974]).  More recently, we reiterated the same principle in *Matter of Rosen v First Manhattan Bank* (84 NY2d 856, 857 [1994]).

As stated in WCL § 21 (1) and recognized by this Court, the presumption is rebuttable by "substantial evidence" establishing that it was not the workplace itself that exposed the employee to harm.  But where the assault occurs in the course of employment and there is no evidence as to its motivation, the presumption is triggered and is not rebutted (*see* McKinney's Cons Laws of NY, Book 64, Workmen's Compensation Law § 21 at 143 [1922 ed] [explaining the presumption of WCL § 21 (1) is "sufficient in a close or evenly balanced case to turn the scale in favor of the employee.  And where there is no substantial evidence to overcome the presumption an award will be made"]).  Once it has been established that an employee was assaulted "in the course of" employment, the presumption—unless rebutted—obviates the need for an affirmative showing that the assault arose "out of" the employment.

The Appellate Division essentially inverted *Seymour*'s "nexus" standard by requiring the Board to come forward with evidence of a nexus to employment.  Instead, as we made clear in *Rosen*, *Seymour* stands for the principle  that "an assault which arose in the course of employment is presumed to have arisen out of the employment, absent substantial evidence that the assault was motivated by purely personal animosity" (*Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857 [1994], citing *Seymour*, 28 NY2d at

409; *see also Seymour*, 28 NY2d at 409 [presumption cannot be rebutted by the inference of personal animosity "in the absence of substantial evidence to support it"]).  To the extent the Appellate Division has read *Matter of Seymour* to require an additional affirmative showing of a "nexus" with employment when there is a workplace assault, such a showing is not required.

This reading accords with the text of WCL § 21 (1) and the purpose of the WCL, which is to " 'protect[ ] work[ers] and their dependents from want in case of injury' on the job" (*Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 134 [1994], quoting *Post v Burger & Gohlke*, 216 NY 544, 553 [1916]).  To that end, the WCL establishes a "broad scheme of compensation" intended to ensure a "swift and sure source of benefits to injured employees" (*Crosby v State of N.Y., Workers' Comp. Bd.*, 57 NY2d 305, 313 [1982]), including in circumstances where an employee might not be able to obtain relief through a common law tort action.

Here, it is undisputed that the assault occurred in the course of Mr. Timperio's employment, thereby triggering the WCL § 21 (1) presumption.  It is also undisputed that the record includes no evidence of the motivation for the assault or any indication of a prior relationship between the assailant and the claimant; Bello and Timperio never worked together, did not know each other, and had no prior communication.  The Appellate Division therefore erroneously disturbed the WCB's determination that the claim is compensable.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the decision of the Workers' Compensation Board reinstated.

Order reversed, with costs, and decision of the Workers' Compensation Board reinstated. Opinion by Judge Halligan. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Troutman concur.

Decided May 16, 2024